UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Wanda Balvin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:19-cv-205 |
| | ) |
| Med-1 Solutions, LLC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Wanda Balvin, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Med-1 Solutions, LLC. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 517 U.S. Highway 31 N., Greenwood, IN 46142.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp for legal representation regarding the Plaintiff's debts.

26. Prior to May 7, 2018, Defendant was attempting to collect various debts that Plaintiff owed to various healthcare providers.

27. On May 14, 2018, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile. This letter notified the Defendant that the Plaintiff had retained legal counsel and provided Defendant with contact information for said counsel. This facsimile transmission to the Defendant was successfully received by the Defendant. *See Exhibit "2" attached hereto*.

28. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission. *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir., 2009)(holding that facsimile confirmation generated by the…fax machine was sufficient to create a factual dispute that …was received…); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill 2011)("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.'").

29. Despite this notice of legal representation, the Defendant continued to call the Plaintiff in an attempt to collect a debt and otherwise take action to attempt to collect a debt. For example, on or around December 13, 2018 the Defendant called Plaintiff's cell phone and left a voicemail message in an attempt to collect a debt. *See Exhibit "3" attached hereto.*

30. Plaintiff filed an FDCPA lawsuit against Defendant in November of 2018 in which Plaintiff served the Defendant with this Complaint on November 20, 2018. Thus, Defendant again received notification that Plaintiff had legal representation for the debt at issue in this matter. *See* Wanda Balvin v. Med-1 Solutions, LLC, 1:18-cv-03485-SEB-DLP.

31. Defendant's violations of the FDCPA are material and constitute injury-in-fact. Indeed, although Plaintiff had been informed by counsel and reasonably believed that she had the protection against being contacted directly by debt collectors, Defendant's continued collection communications would make the unsophisticated consumer believe that her notice of legal representation had been futile and that she did not have the rights Congress had granted her under the FDCPA. Defendant's violation constitutes more than just a bare procedural violation.

32. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA.

33. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 33 of the complaint are realleged and incorporated herewith by references.

2. The Defendant contacted a consumer it knew to be represented by legal counsel which constitutes a violation of 15 U.S.C. § 1692c.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
Sawin, Shea & Steinkamp, LLC.
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 255-2600
Fax: (317) 255-2905
Email: john@sawinlaw.com